MARY B. LEE and another vs. HENRY E. FLETCHER and others.

April 8, 1891.

| 46 | 49 |
|----|-----|
| 47 | 420 |
| 46 | 49 |
| 86 | 133 |
| 86 | 347 |

Deed—Delivery.—No particular form or ceremony is essential to constitute the delivery of a deed. Manual possession thereof by the grantee is not necessary. Whether there has been a delivery depends upon the intent of the grantor, and, if his intent to deliver is apparent, delivery for record, although not known by the grantee, is, if followed by his assent, good delivery.

Mortgage—Requisites—Misdescription of Debt.—The validity of a mortgage does not depend upon the description of the debt, nor upon the form of the indebtedness; it depends rather upon the existence of the debt it was given to secure. It may be valid without a note or bond, although it purports to secure, and substantially describes, a note or bond. The true state of the indebtedness need not be disclosed by the instrument, but in cases free from fraud may be shown by parol.

New Trial Improperly Granted against Admission at Trial.—It being evident that a claim asserted to certain real property by one of two defendants was admitted by the plaintiffs to be as determined upon the trial, it was error, as to such defendant, for the court below to grant plaintiffs' motion for a new trial.

Appeal by defendants Henry E. Fletcher and John B. Gilfillan (impleaded with Sarah W. Libby) from an order of the district court for Hennepin county, granting a new trial after trial by a referee.

*Gilfillan, Belden & Willard,* for appellants.

*M. B. Koon* and *Little & Nunn,* for respondents.

COLLINS, J.[1]  This was an action to determine adverse claims made by the defendants to lots 4 and 5, block 34, in one of the additions to St. Anthony in the actual possession of plaintiffs. The defendant Gilfillan disclaimed any interest in lot 4, but set up a counterclaim of title to an undivided half of lot 5. The referee, by whom the case was tried, found him to be the owner of such undivided half, and this seems to be conceded by all parties. The defendant Libby was not served with the summons, nor did she appear on the trial. The issues raised by the answer of defendant Fletcher were passed upon by the referee, who ordered judgment on his findings of fact against the plaintiffs, and from an order of the district court granting a new trial the answering defendants Gilfillan and Fletcher appeal.

There was but little dispute over the facts. Plaintiffs have the legal title to that portion of the property not owned by the defendant Gilfillan, having derived their title from a purchaser at a sale made by the administrator of the estate of James A. Lennon, deceased. Lennon was the owner in fee on July 10, 1877. He was then indebted to the defendant Sarah Libby, in the sum of $700, at least. Miss Libby was not then in the state of Minnesota, her residence being in Massachusetts. On the day last mentioned Lennon executed and acknowledged a mortgage in due form upon this and other real property to defendant Libby, to secure the payment to her, as was therein stated, of the sum of $5,000, according to the conditions of his promissory note of even date. On the morning of July 12th, Lennon left this mortgage with the register of deeds at his office, with instructions to place the same upon record, which was done. He gave no instructions as to a disposition of the instrument when recorded. In the afternoon of the same day Lennon took his own life. There had never been any agreement between him and Miss Libby that she should be secured by a mortgage, nor did the mortgagee know of the existence of the mortgage until some

---

[1] Vanderburgh, J., took no part in this case.  Mitchell, J., being absent when the decision was made and filed, did not participate therein.

days after Lennon had suicided; nor was there a note for any amount executed by him to Miss Libby. In the year 1878 the attorney for the mortgagee obtained possession of the recorded mortgage for her, it having previously been in the hands of the administrator before mentioned. The defendant Fletcher is the owner and holder of the mortgage, having purchased the same from defendant Libby, and it was this mortgage interest which he asserted against the plaintiff's claim of title in fee to the real property described in the complaint. For several years prior to his decease Lennon and Miss Libby had been engaged to be married. During this engagement, at various times, she had sent him money to invest for her. He had accounted for this money in part; the indebtedness referred to was for the balance. The referee found that when Lennon executed the mortgage, he intended to give to Miss Libby the difference between the amount of such indebtedness (the exact amount not being found) and the sum of $5,000; and, further, that he intended to thus secure to her, by means of the mortgage, the amount of his debt and the amount of his gift. As a consequence, the referee held and declared the mortgage to be a valid lien on plaintiffs' lots in the sum of $5,000, with interest from date. It is this finding and conclusion which we shall consider principally, as was the case in the district court when passing upon the motion for a new trial.

It was contended by the plaintiffs that the mortgage did not constitute a lien for any sum whatsoever upon their property, for two reasons: *First*, it was never delivered to the mortgagee; and, *second*, that, as the note therein described was not made by the mortgagor, and the indebtedness therein mentioned never existed, the instrument itself must necessarily be invalid and of no effect. To render the mortgage effectual there must have been an actual or constructive delivery of the same to the mortgagee, prior to the death of the mortgagor. There was no actual delivery in this case; but the mortgagor, Lennon, owed Miss Libby, the woman to whom he was engaged, on account of money which she had sent him to invest, and which he may have used in the purchase of the property in question. She was some distance from him, residing in the state of

Massachusetts. With much care he prepared with his own hands a mortgage, in which she was named as mortgagee, upon this and other real property, to secure the payment of a note, never executed, for a much larger sum than the amount of his debt. A few hours before he killed himself, and, undoubtedly, in contemplation of the act, he took this instrument to the proper office, and gave it to the register of deeds, with directions to record the same at his expense. When he placed the mortgage in the hands of the officer for record, it was clearly his intention to do all that he could, under the circumstances, towards delivering it; to put it beyond his own control, for the benefit of the mortgagee. No particular ceremony is essential to the delivery of such an instrument. It may consist in an act without words, or in words without any act. Manual possession of a deed by the grantee is not necessary. Whether there has been a delivery to him depends upon the intent of the grantor; and, if such an intent is manifest, delivery for record, although not known by the grantee, is, if followed by his assent,—as was the case here,—a good delivery. *Stevens* v. *Hatch*, 6 Minn. 19, (64;) *Gaston* v. *Merriam*, 33 Minn. 271, (22 N. W. Rep. 614;) *Conlan* v. *Grace*, 36 Minn. 276, (30 N. W. Rep. 880;) *Nazro* v. *Ware*, 38 Minn. 443, (38 N. W. Rep. 359.) The finding of the referee as to delivery of the mortgage was abundantly supported by the testimony.

But there was no note of any description executed by Mr. Lennon. A note corresponding with that described in the mortgage, had such a one been made, might have been evidence of his intent to present the amount thereof to Miss Libby, or of his intent to give to her the difference between the amount of his indebtedness and the sum of $5,000. It may have been, as determined by the referee, that Mr. Lennon intended this difference as an outright gift to Miss Libby, but there was no evidence of such an intent. As was said by the court below when granting the motion for a new trial, such a purpose rested wholly in conjecture. The gift, if really contemplated, was never made; if intended, it was unexecuted, and hence invalid. But from the facts which did appear on the trial it might fairly be assumed that, although the mortgagor failed to make a note corresponding with that described by him, or for the amount of his actual

indebtedness, he intended to secure his creditor for that amount, whatever it may have been. A note for the amount he owed, or even for a greater sum, would not have added to his indebtedness as such. It would have been evidence of it only. And if it satisfactorily appeared that, when giving the mortgage, it was the purpose of the maker to secure his debt, the non-execution of a note, or the execution of a note for a larger or smaller sum, would not, in the absence of fraud, invalidate the security. The validity of a mortgage does not depend upon the description of the debt, nor upon the form of the indebtedness; it depends rather upon the existence of the debt it was given to secure. It may be valid without any note or bond, although it purports to secure a note or bond, and substantially describes it. Jones, Mortg. § 353, and cases cited in notes. The true state of the indebtedness need not be disclosed by the instrument itself, but, in cases free from fraud, may be shown by parol. In such cases the validity of the mortgage is not affected by the fact that it was given for a larger sum than that actually due, or that its condition misrepresents the obligation or liability in fact secured or intended to be secured. *Nazro* v. *Ware, supra,* and cases cited.

To the extent indicated,—that is, to the amount actually due the mortgagee when the mortgage was executed,—it was and is a valid lien upon the real estate covered thereby. Had this amount been found by the referee, so that a judgment on such finding could have been ordered, or had he simply declared that to this extent the mortgage was a lien, leaving the amount to be subsequently ascertained in an action brought by defendant Fletcher to foreclose or by plaintiffs to redeem, and, in addition, ordered judgment for the defendants,—as he did,—a new trial would have been unnecessary. But the referee erred in finding as a fact that the mortgage was given, not only to secure the amount of Lennon's indebtedness to Miss Libby, but also to secure to her as a gift the sum in excess of the indebtedness up to $5,000; and also erred in his conclusion of law that to the amount of $5,000, with interest, the instrument in question was a valid mortgage on plaintiff's property. If permitted to stand without objection, such a finding would conclude the plaintiffs upon the fact, and, on the conclusion of law as found by the referee, judgment could be entered fixing the

amount of the lien. The question would then be *res adjudicata*. The district court was correct in granting the plaintiffs a new trial as to defendant Fletcher, the sole owner and holder of the mortgage.

The defendant Gilfillan claims, however, that as to him the order must be reversed. In his answer he had alleged ownership in fee of an undivided half of one of these lots, and had disclaimed all interest in the balance of the property. When proving their case plaintiffs made no attempt to show that they were the owners of this undivided half, and immediately upon resting stipulated that it was owned in fee by Gilfillan. The referee so found, ordering judgment in his favor as to an undivided half, and no one seems to question the correctness of this finding and conclusion. But notwithstanding this, the plaintiffs' motion was for a new trial as to both defendants, and it was this motion which was granted. The motion as to Gilfillan may have been inadvertently made by counsel for respondents, and we have no doubt that the court below overlooked the situation with respect to him, but the fact remains that to avoid a new trial he has been obliged to appeal from the order. It was not incumbent upon him to ask that the order be modified by the district court. The order appealed from is reversed as to defendant Gilfillan. As to the defendant Fletcher it is affirmed.