Susie Haeg *et al. vs.* Fred Haeg *et al.*

Argued Jan. 17, 1893. Decided April 24, 1893.

**Delivery of Deed.**

Where a deed is duly executed and delivered to a third party in the lifetime of the grantor, to be delivered after his death to the grantee named therein, it will be *held* a good delivery on the happening of the contingency, and to relate back so as to divest the title of the grantor, by relation, from the first delivery.

**Findings Sustained by the Evidence.**

Evidence considered, and *held* sufficient to justify a finding by the trial court that the deed in controversy was delivered to a third person in the lifetime of the grantor, to be delivered to the defendant on or immedi-

ately before the decease of such grantor. *Held*, also, that the evidence justified the conclusion of the trial court that the deed in question was duly executed and acknowledged by the wife of the deceased grantor, with knowledge of its contents and his purpose in making it, and its final delivery acquiesced in by her.

Appeal by plaintiffs, Susie Haeg and others, minor children of Charles Haeg, deceased, from an order of the District Court of Hennepin County, *Hooker, J.,* made September 24, 1892, denying their motion for a new trial.

On July 17, 1889, Charles Haeg was the owner of about three hundred and forty acres of land in Hennepin county, a lot in Minneapolis, and a quarter section of land in Kandiyohi county. On that day he and his wife executed deeds of all this land, dividing it among his children. The deed to defendant, Fred Haeg, one of his adult sons, purported to convey to him forty acres of the land in Hennepin county. Charles Haeg also signed a memorandum stating that the deeds were to be delivered to the grantees therein named, immediately preceding the time of his death, or, in case of a failure to so deliver them, they were to be delivered as soon after his death as possible. The deeds and this memorandum were placed by him in an envelope and deposited in the box where he kept his papers in the Safe Deposit Vaults of the Minnesota Loan and Trust Company in Minneapolis. His friend Edward B. King was with Haeg and wife when the deeds were executed, signed them as a witness, and went with him and assisted to place them in the vault. Haeg at the same time requested King to see that the deeds were delivered to the children at his death, and King promised him to do so. Charles Haeg died intestate February 3, 1891. The day before his death his wife sent for King and he came. Haeg, although very sick and able to talk but little, requested King to "look out for the boys." After Haeg's death, King and the widow, on February 13, 1891, went to the vault and obtained the deeds and delivered them to the several grantees. She paid the taxes on the land and had the deeds recorded. On February 24, 1891, the grantees assigned and released to the widow all their claims to the personal estate of the deceased, about $4,000 in value.

On October 31, 1891, a guardian *ad litem* was appointed for the plaintiffs, and this action commenced to cancel and set aside the

deed to the defendant Fred Haeg, and the record thereof, on the ground that it was never delivered. The action was tried April 29, 1892, and findings made. and judgment ordered, that plaintiffs were not entitled to any relief.

*George S. Grimes* and *E. A. Campbell,* for appellants.

The deeds were never delivered by Charles Haeg and were never out of his possession or control during his lifetime. Their delivery by King and the widow after Haeg's death was ineffectual for any purpose. A deed must be delievered in the grantor's lifetime. A delivery after his death is of no effect. No title can be derived from such a deed. *Prutsman* v. *Baker,* 30 Wis. 644; *Cook* v. *Brown,* 34 N. H. 460; *Porter* v. *Woodhouse,* 59 Conn. 568; *Huey* v. *Huey,* 65 Mo. 689; *Byars* v. *Spencer,* 101 Ill. 429; *Anderson* v. *Anderson,* 126 Ind. 62; *McElroy* v. *Hiner,* 133 Ill. 156; *Stilwell* v. *Hubbard,* 20 Wend. 44; *Younge* v. *Guilbeau,* 3 Wall. 636; *Jackson* v. *Phipps,* 12 John. 418; *Jackson* v. *Leek,* 12 Wend. 105; *Bovee* v. *Hinde,* 135 Ill. 137; *Maynard* v. *Maynard,* 10 Mass. 456.

A conditional delivery can only be made by placing the deed in the hands of a third person to be kept by him until the happening of the event upon which the deed is to be delivered to the grantee. *Fisher* v. *Hall,* 41 N. Y. 416; *Vreeland* v. *Vreeland,* 48 N. J. Eq. 56; *Fain* v. *Smith,* 14 Oregon, 82; *Stone* v. *French,* 37 Kan. 145; *Duraind's Appeal,* 116 Pa. St. 93.

The doctrine that an undelivered deed intended to take effect as a testamentary disposition will be upheld in a court of equity, has been overruled or repudiated in every state where the question has been passed upon within the last fifty years.

*Shaw & Cray,* for respondent.

No particular form is necessary to the delivery of a deed. It may consist in an act without words, or in words without any act. *Goodell* v. *Pierce,* 2 Hill, 659; *Wallis* v. *Wallis,* 4 Mass. 135; *Tooley* v. *Dibble,* 2 Hill, 641; *Warren* v. *Swett,* 31 N. H. 332; *Hathaway* v. *Payne,* 34 N. Y. 92; *Burkholder* v. *Casad,* 47 Ind. 418; *Dayton* v. *Newman,* 19 Pa. St. 194. Delivery is a question of intention always. It is sufficient if there be an intention or an assent of the mind to

treat the instrument as a deed. *Shaw* v. *Hayward*, 7 Cush. 170; *Foster* v. *Mansfield*, 3 Met. 412; *O'Kelly* v. *O'Kelly*, 8 Met. 436; *Crawford* v. *Bertholf*, 1 N. J. Eq. 458; *Stewart* v. *Redditt*, 3 Md. 67; *Stevens* v. *Hatch*, 6 Minn. 64; *Rivard* v. *Walker*, 39 Ill. 413; *Tallman* v. *Cooke*, 39 Iowa, 402; *Ruckman* v. *Ruckman*, 32 N. J. Eq. 259; *Dukes* v. *Spangler*, 35 Ohio St. 119.

This deed was delivered to a third person as fully as were the instruments in the following cases: *Ruggles* v. *Lawson*, 13 John. 285; *Stone* v. *Duvall*, 77 Ill. 475; *Squires* v. *Summers*, 85 Ind. 252.

Neither actual manual delivery nor change of possession are required to constitute effectual delivery. By determining what the intention of the grantor was, and by regarding the particular circumstances of the case, it must be decided whether or not the delivery is valid. *Shirley* v. *Ayres*, 14 Ohio, 308; *Scrugham* v. *Wood*, 15 Wend. 545; *Newton* v. *Bealer*, 41 Iowa, 334.

VANDERBURGH, J. The plaintiffs and defendants are the widow and children of Charles Haeg, deceased, late of Hennepin county, and his sole heirs at law.

The deceased and the plaintiff Albertina Louisa Haeg, his wife, in his lifetime, and on the 17th day of July, 1889, executed certain deeds of conveyance of his real property, in separate parcels, to his several children, parties to this action, intending thereby to make a division thereof among them. Among these deeds was one running to the defendant Fred Haeg as grantee of the forty-acre tract in controversy here. These deeds he intended to have delivered to the several beneficiaries just before or immediately after his decease, which subsequently occurred, on 3d day of February, 1891.

The deeds were not in fact actually delivered to the grantees until after his decease, and on this ground, and the further ground also insisted on by the plaintiffs, that they were not in his lifetime delivered to or placed in the custody of a third party, in trust to deliver to the grantees at the appointed time, they claim that they never took effect as conveyances, and they therefore ask to have the same set aside and annulled.

We will first inquire whether the record discloses evidence tending to show that the deeds were placed in the control, custody, or

possession of a third party, with instructions to deliver them to the grantees named, in pursuance of his declared purpose, and sufficient to support a finding of such delivery to him. We observe that no objection is made to the form or sufficiency of the findings of the trial court, and no claim is made by the plaintiffs' counsel in their brief that the delivery to such party was in escrow, nor any point made that the second or final delivery to the defendants was dependent on the performance of any condition.

As just suggested, we are to consider simply, on this branch of the case, under the issues made and the briefs of counsel, the sufficiency of the evidence to justify a finding in defendants' favor on the point suggested. We are not to consider whether the case made in defendants' favor is strong or weak, for if there is evidence, as we think there is, reasonably tending to show such delivery, this court will not reverse the trial court upon the question. *O'Kelly* v. *O'Kelly*, 8 Met. 439. If the deed was duly executed, and was delivered to such third party (in this case one Edward B. King) in the lifetime of the grantor, to be delivered after his death to the grantee, it was a good delivery upon the happening of the contingency, and related back, so as to divest the title of the grantor, by relation from the first delivery. *O'Kelly* v. *O'Kelly*, *supra; Foster* v. *Mansfield*, 3 Met. 412. It appears that the deceased grantor in this case had definitely determined upon the division of his property among his children, as provided by the deeds in question, as early as the year 1889, and it was so understood between him and his wife and other members of his family; and he accordingly employed an attorney to prepare the deeds, and, as the court finds, they were duly executed and acknowledged by himself and wife on the 17th day of July, 1889, and he then and there made an arrangement with King, who was an old acquaintance, to see that they were delivered to the grantees immediately before his death, or as soon thereafter as possible.

And it further appears that, on the same day, he and King, who was present at his request, went together to Minneapolis with the deeds, and deposited them, inclosed in a separate envelope, in a box in the safety vault of the Minnesota Loan & Trust Company, rented by deceased, and that King then and there agreed to deliver the deeds as requested by the deceased; and subsequently, while on his deathbed, the latter again urged him not to forget the obligation.

Soon after the decease of the grantor, King went, in company with the plaintiff widow, to the vault of the Minnesota Loan & Trust Company, and took out the deeds, and proceeded to deliver them, as previously agreed, to the grantees, including this defendant.    It is very clear that the arrangement was understood beforehand by all the parties, and that the box in which the deeds were deposited for safe-keeping was to be accessible to King to enable him to carry out his agreement with the deceased, and make final delivery to the grantees. For the purpose of his trust the deeds must, under the findings of the court, be regarded as placed in his custody, and the record is sufficient to support the finding of a delivery for such purpose.    It shows very clearly that such was the intention of the grantors in the deeds, and it would be a very narrow and technical construction to adopt, in order to defeat these deeds, to hold that, because the deeds were deposited in the manner stated in the safety vault, the final delivery was void for want of a previous delivery to King; and, as said by the court in *Foster* v. *Mansfield, supra,* it is not necessary to consider what would have been the effect if the grantor had recovered from his sickness, and finally taken back his deed.

He did not change his mind, and his conduct shows that his purpose and intention were unalterably and finally fixed and settled when he executed the deed and made the final arrangement with King.

In respect to the claim made, that the deeds were executed by the wife of the deceased under a mistake of her legal rights or the nature of the transaction, it is enough to say that the evidence abundantly sustains the finding of the trial court that she was fully informed of the grantor's purpose in making the deeds, and knew what property was included therein, and that she executed the same freely and voluntarily, and was present and assisted in the delivery to the grantees, and fully acquiesced in the mode adopted by her husband for the division of his estate.

The decision of the trial court is in accordance with the justice and equity of the case, and must stand.    As these findings are controlling, we deem it unnecessary to notice other points made in the case.

Order affirmed.

(Opinion published 55 N. W. Rep. 1114.)