FREDERICK BARNARD v. MARGARET THURSTON.[1]

May 29, 1902.

Nos. 13,009—(88).

86   343<br>86   327

**Delivery of Deed.**

> The issue herein was whether a certain deed was delivered to the plaintiff in the lifetime of the grantor. The trial court found certain evidentiary facts relevant thereto, which are set forth in the opinion. *Held*, that they warrant the conclusion that the deed was so delivered.

Action in the district court for Le Sueur county to compel the

[1] Reported in 90 N. W. 574.

surrender to plaintiff of a warranty deed alleged to have been executed and delivered to him by defendant and her husband, John Thurston, during the latter's lifetime, and to determine the adverse claim of defendant to the premises conveyed thereby. The case was tried before Cadwell, J., who found in favor of plaintiff. From an order granting a motion for a new trial, plaintiff appealed. Reversed.

*P. J. McLaughlin* and *Thos. Hessian,* for appellant.

*W. H. Leeman,* for respondent.

START, C. J.

This is an action to compel the defendant to surrender a deed to the plaintiff of the land described in the complaint, and to have it adjudged that he is the owner thereof, subject to the life estate of the defendant. The trial court found the facts to be, in effect, the following:

1. On and prior to April 7, 1900, John Thurston was the owner in fee of the land in question, which consisted of a farm of eighty acres in the county of Le Sueur.

2. He and the defendant were then husband and wife, and that relation continued until his death, on April 13, 1900. He died leaving no issue. Neither he nor his wife was related in any way to the plaintiff, who is thirty-five years of age, and came to this country from England when fifteen years of age, Mr. Thurston paying his passage therefrom. After his arrival in this country he lived with and worked for Mr. Thurston until two years prior to the latter's death. He was paid for his work, and Mr. Thurston was repaid the amount advanced for his passage.

3. On April 7, 1900, Mr. Thurston and his wife, the defendant, duly signed, sealed, and acknowledged a warranty deed, which was duly witnessed, wherein and whereby they conveyed the land in question to the plaintiff, reserving the use, occupancy, profits, and rents thereof to themselves, and each of them, during their natural lives. Mr. Thurston then, in the presence and with the consent of the defendant, delivered the deed to Mr. Thomas H. Smullen, the conveyancer who drew it and before whom it was acknowledged, with instructions to put the necessary revenue stamps thereon, giving to him the money for that purpose, and to

deliver the deed to the plaintiff. When the deed was so delivered to Mr. Smullen, he stated to the defendant that, if he did not find the plaintiff, he would bring the deed back, and give it to her, and she could hand it to the plaintiff, and she promised to do so. Mr. Smullen duly stamped the deed, but, not finding the plaintiff, he did not on that day, or at any subsequent time, personally deliver the deed to him. He did, however, on that day—April 7— give the deed to the defendant, and told her to give it to the plaintiff; and a day or two before Mr. Thurston's death he informed the plaintiff of the making of the deed, and told him to get it; that it ought to be recorded. The plaintiff said he would do so, and thereupon he asked the defendant for the deed, who informed him there was no hurry about getting it recorded, and that he was sure of getting it. After the death of Mr. Thurston, and on April 16, the plaintiff again asked the defendant for the deed, who replied that she would have it recorded, but when it was recorded she wanted to keep it. The plaintiff again, and on April 21, demanded the deed of the defendant, who then refused to deliver it. She had, in fact, destroyed the deed prior to the making of this demand.

4. The deed in question was a warranty deed in the usual form, and was signed, sealed, and acknowledged by the grantors, and recited that they had signed, sealed, and delivered it in the presence of the subscribing witnesses, naming them. The trial court set out the deed in full in this finding.

5. The deed was delivered by Mr. Thurston and the defendant prior to his death to the plaintiff.

As a conclusion of law the trial court found that the plaintiff was entitled to judgment in his favor against the defendant as follows:

"First. That the plaintiff is the owner in fee of the said premises, subject to the life estate of the defendant therein. Second. That the defendant has no title, estate, or interest in said premises, save and except a life estate therein. Third. That the said John Thurston and the above-named defendant, on the 7th day of April, 1900, made, executed, and delivered to the plaintiff the deed hereinbefore set out in full, said deed to be inserted in the judgment to be rendered herein. Fourth. That a certified copy of the judgment rendered herein be recorded in the office of the register of deeds of said county. Fifth. That the plaintiff recover of the defendant

the disbursements of the action. Let judgment be rendered accordingly."

Thereupon the defendant moved the court for a new trial, upon the grounds, among others not here material, following:

"The court erred in its third finding of fact, wherein it finds that the deceased, John Thurston, after the deed in question was signed, delivered the same to one Thomas H. Smullen, and directed the said Smullen to deliver said deed to the plaintiff, for the reason that said finding is not justified by, and is contrary to, the evidence. The court erred in its fifth finding of fact, for the reason that the same is not justified by the evidence, and is wholly unsupported by any evidence whatever. The court erred in its conclusions of law, and each and every of them, as the same are wholly unsupported by any evidence."

The court granted the motion for a new trial on the ground that the fifth finding of fact, that the deed was delivered to the plaintiff by Mr. Thurston and his wife, the defendant, prior to his death, which finding is an inference from the facts set forth in the third finding, is not supported by such facts or the evidence given on the trial. The plaintiff appealed from the order granting a new trial.

The evidence amply supports the finding of the trial court as to the evidentiary facts stated in the third subdivision of its findings. It also appears from the record that Mr. Thurston was ill, and confined to his bed, when the deed was executed and delivered to the conveyancer. And, further, that the statement by the latter to the defendant that, if he did not find the plaintiff, he would bring the deed back, and give it to her, and that she could hand it to the plaintiff, was not made in the room where Mr. Thurston then was, but that it was made to the defendant in an adjoining room by the conveyancer upon his own motion, as he then knew that the plaintiff had left his team at Mr. Thurston's, and was expected to return for it. One question only is presented for our decision by the record, viz.: Do the evidentiary facts stated in the third subdivision of the court's findings support the ultimate fact or conclusion stated in the fifth subdivision thereof? If they do the original conclusions of law by the court were correct and the order granting a new trial must be reversed; otherwise it must be affirmed. Or, in other words, do the facts found in subdivision 3

of the findings justify the inference or conclusion that the deed was delivered to the plaintiff before the death of. Mr. Thurston? We answer the question in the affirmative.

A delivery of a deed in the lifetime of the grantor is essential to its validity, whether it be a conveyance for a valuable consideration or a voluntary one in consideration of love and affection. The question of the delivery of a deed or other written instrument is one of intention, and, to constitute a complete delivery thereof, the grantor must deal with it in a way evincing an intention to part presently and unconditionally with all control over it, and that it shall take effect according to its terms. No formality is necessary to make the delivery complete, for any acts or words which clearly indicate such intention on the part of the grantor will, if the deed is accepted by the grantee, constitute a complete delivery thereof. The unconditional delivery of a deed by the grantor to a third party for the grantee is, when accepted by the latter, a complete delivery, and is as effectual to pass the title to the land described in the deed as if it were delivered by the grantor to the grantee. Stevens v. Hatch, 6 Minn. 19 (64); Comer v. Baldwin, 16 Minn. 151 (172); Thompson v. Easton, 31 Minn. 99, 16 N. W. 542; Conlan v. Grace, 36 Minn. 276, 281, 39 N. W. 880; Nazro v. Ware, 38 Minn. 443, 38 N. W. 359; Lee v. Fletcher, 46 Minn. 49, 52, 48 N. W. 456.

The weight of judicial authority also seems to sustain the rule that where a deed, which is beneficial to the grantee, and imposes no burdens upon him, is delivered unconditionally by the grantor, with intent that it shall take effect immediately, to a third party, for the use and benefit of the grantee, who has no knowledge of it, his acceptance of it will be presumed, and the delivery will be complete, and sufficient to pass the title to him. Holcombe v. Richards, 38 Minn. 38, 43, 35 N. W. 714; Brown v. Westerfield, 47 Neb. 399, 66 N. W. 439 (53 Am. St. Rep. 545, notes). Counsel for the plaintiff, relying upon this rule, claim that when the deed in this case was unconditionally delivered by the grantors to the conveyancer for the plaintiff, the former became the trustee of the latter as to the deed, and the delivery was complete. Also that the facts

found by the trial court show an actual acceptance of the deed by the plaintiff, and that the delivery thereof was complete before the death of Mr. Thurston. On the other hand, it is claimed, in effect, on behalf of the defendant, that the facts found show that the deed was delivered to the conveyancer as the agent of the grantor, with authority to deliver it in his lifetime, if not recalled, to the grantee; and that the deed, while it remained in the custody of such agent, was subject to be recalled at any time, and all authority to deliver it ceased upon the death of the grantor. Sauter v. Dollman, 46 Minn. 504, 49 N. W. 258, is cited in support of this claim. The facts in that case were that the grantor never delivered the deed to any one, but kept it in his possession until he died, when the grantee named in the deed obtained it from the widow of the grantor by fraud. The facts in that case and this one are so radically different that it is not here in point. Counsel for defendant also cites in support of his claim, among other cases, the following: Furenes v. Eide, 109 Iowa, 511, 80 N. W. 539; Osborne v. Eslinger, 155 Ind. 351, 58 N. E. 439; Fain v. Smith, 14 Ore. 82, 12 Pac. 365; Williams v. Schatz, 42 Oh. St. 47; O'Connor v. O'Connor, 100 Iowa, 476, 69 N. W. 676. Each of those cases, however, differs in its essential facts from the facts found by the trial court in this case as we interpret them.

Recurring now to the contentions of the plaintiff, we do not find it necessary to pass upon the claim that, the deed being beneficial to him, his acceptance of it will be presumed; for we hold that the facts found by the court warrant the conclusion that the deed was, in fact, accepted by him, and that the delivery thereof was complete in the lifetime of Mr. Thurston. The facts found show that Mr. Thurston, in the presence of and with the consent of his wife, the defendant, delivered the deed, under circumstances evincing an intention to part presently and unconditionally with all control over it, to the conveyancer, for the use and benefit of the plaintiff, and directed that it be delivered to him. If at any time before the death of the grantor the conveyancer had delivered the deed to the plaintiff, the delivery would have been unquestionably complete, and the deed effectual to pass the title. However, he did not find the plaintiff; hence the deed was not delivered directly to him.

But the conveyancer seems to have anticipated that he might not find the plaintiff, and, assuming to act for him, and not by the direction of either of the grantors, he arranged with the defendant that, in case such contingency should occur, he would bring the deed back to her, and she could hand it to the plaintiff; and she promised so to do,—that is, she accepted the trust,—and pursuant to this arrangement and not otherwise, the conveyancer, not finding the plaintiff, gave the deed to the defendant, and told her to give it to the plaintiff. Afterwards he informed the plaintiff of the making of the deed, and told him to get it; that it ought to be recorded; and he said he would do so. He then, and before the death of the grantor, asked the defendant for the deed. She did not repudiate the trust, nor recall the deed, but informed him that there was no hurry about getting it recorded, and that he was sure of getting it.

Now, the necessary inference from these facts is that the deed was not returned to the defendant as one of the grantors, but it was to be kept for the plaintiff, and given to him, as she had promised to do. True it is that when this arrangement was made by the conveyancer he was not authorized by the plaintiff to make it on his behalf. But he was authorized by the grantors to give the deed to the plaintiff, and this, so far as they were concerned, authorized him to take any reasonable measures to accomplish such result as he deemed best; and when the plaintiff asked the defendant for the deed he thereby ratified what the conveyancer had done in the premises, and signified his acceptance of the deed. The delivery of the deed then, if not before, became complete, and thereafter remained, with his consent, in the hands of the defendant, as his agent or trustee, until after the death of the grantor. The fact that such agent was one of the grantors tends somewhat to obscure the transaction, but it does not change its legal effect, for, as already suggested, the deed was not placed in her hands as one of the grantors nor upon her demand or recall, nor did she repudiate the trust until after her husband's death. The transaction, in legal effect, is the same as if the conveyancer had, upon failing to find the plaintiff, left the deed with a bank upon its promise to give it to him, and that, upon being informed of this

fact, he had gone to the bank, and asked for the deed, and received the reply that there was no hurry about getting it recorded, that he was sure of getting it, and he had acquiesced and gone his way.

It follows that the facts found by the trial court set forth in the third subdivision of its findings sustain its inference and conclusion of law that there was a complete delivery of the deed before the death of the grantor.

It is therefore ordered that the order appealed from be, and it is, reversed, and this case remanded to the district court, with directions to enter judgment in accordance with its original conclusions of law.