JOHN M. CHASTEK v. FREDERICK SOUBA.[1]

December 9, 1904.

Nos. 14,142—(137).

**Delivery of Deed.**

    To constitute a delivery of a deed, it is not imperatively necessary that there be an actual manual delivery of the instrument. Whether the delivery is so far completed as to pass the title is a question of fact, rather than of law, depending largely upon the intent of the grantor to vest the estate in the grantee.

Action in the district court for Hennepin county to determine the adverse claims of defendant, as administrator of the estate of Emil J. Chastek, deceased, to certain vacant and unoccupied land. The case was tried before Simpson, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Savage & Purdy,* for appellant.

*E. E. Witchie,* for respondent.

DOUGLAS, J.

On February 15, 1899, plaintiff executed to his son Emil a deed for the land in controversy; also a deed for a like amount of land to an-

[1] Reported in 101 N. W. 618.

other son, which was delivered in the autumn following. At about this time Emil borrowed $400 of his father, and repaid it, with interest, shortly before his death. Upon the death of Emil, which occurred four years later, the deed was in the possession of his father. Evidence was offered tending to show that, between the date of the deed and his death, Emil occupied the land purported to be conveyed thereby. The wife of said deceased testified that plaintiff, while holding the deed in his hands at the time of making the loan, said that when her husband repaid the money he was going to give him the deed. A neighbor testified that plaintiff told him

> That he had given Frank his deed, out and out, and that he held Emil's deed on a loan; that he had helped him out on his property at Hopkins. Also that
>
> Frank had his deed, and that Emil would have had his, had it not been for the fact that he put that deed up for a loan. Q. You are sure that he said he had given both of the boys deeds? A. Yes, sir, I am positive.

In an action to quiet title, the court found that the title to the premises involved passed to Emil by said conveyance. From an order overruling his motion for a new trial, plaintiff appeals.

The vesting of title in said deceased, who is now represented by defendant, depends upon the solution of the question whether said deed was, in law, delivered to him. The issue is an extremely close one, but, in our opinion, the deed must be deemed to have been delivered to Emil during his lifetime. The following authorities record a number of transactions in which title to lands passed in the absence of actual, although legal, delivery of deeds: Stevens v. Hatch, 6 Minn. 19 (64); Conlan v. Grace, 36 Minn. 276, 30 N. W. 880; Nazro v. Ware, 38 Minn. 443, 38 N. W. 359; Lee v. Fletcher, 46 Minn. 49, 48 N. W. 456; Haeg v. Haeg, 53 Minn. 33, 55 N. W. 1114; Barnard v. Thurston, 86 Minn. 343, 90 N. W. 574.

In Stevens v. Hatch, supra, the deed was held by the grantor pursuant to a mutual agreement until it could be jointly examined by the grantor and grantee.

In Conlan v. Grace, supra, the court said: "To constitute a delivery of a deed, it is not necessary there should be an actual manual de-

livery of the instrument. Whether there has been a delivery of a deed is rather a question of fact than of law, depending upon the intent of the grantor to vest an estate in the grantee."

In Nazro v. Ware, supra, the mortgagor retained the instrument, and notified the mortgagee that a mortgage which prior thereto he had promised to execute had been recorded. In holding that the mortgage was delivered, the court expressly affirmed the decision last cited.

In Lee v. Fletcher, supra, the delivery and acceptance of a mortgage was presumed from its execution by the debtor, and his act of placing it on record.

In Haeg v. Haeg, supra, Haeg executed deeds in favor of his children, placed them in a bank vault, and requested a friend to procure and deliver them upon his death. As between the parties, the court held the deeds to have been legally delivered, although possession and control thereof remained in the grantor during his lifetime. This case is decisive of the issue now presented.

Evidence was offered, as we have seen, tending to show that plaintiff intended to actually deliver the conveyance for the lands in question upon the payment by the deceased of a small loan. Slight evidence was also offered tending to show an actual delivery and return of the deed. That plaintiff intended that the title should pass is strongly corroborated by the fact that he treated the tract so conveyed as the property of his son. Upon this point it appears that for three or four years after the execution of the instrument, and pending the repayment of the loan referred to, the deceased, with full knowledge of plaintiff, was in possession of such land, either personally or by his tenant, and both treated it as his property. We adhere to the doctrine adopted in the opinions cited, that the question of delivery is one of fact, rather than of law, depending largely upon the intent of the grantor to vest the estate in the grantee; and are of the opinion the court did not err in its findings, or in the admission or exclusion of evidence.

Order affirmed.