JAMES G. DODSWORTH and Another v. JANE D. SULLIVAN and Another.[1]

May 26, 1905.

Nos. 14,299—(93).

**Foreclosure of Mortgage.**

A father conveyed real estate to his son for a temporary purpose, without consideration, but thereafter retained control thereof, and received the rents and profits. The son executed a mortgage on the premises to secure the father's indebtedness to a third person. The mortgage was recorded and not delivered to the mortgagee, but she accepted the same as security for the debt, upon being notified thereof by the father and son.

*Held*, in an action by the son to enjoin the foreclosure of the mortgage: (1) Notice by letters of the father to the mortgagee of the existence of the mortgage, and its purpose, were not incompetent as the declarations of a stranger, and the evidence was sufficient to justify the finding that the mortgage was executed for a valid consideration. (2) The evidence sustains the finding that the mortgage was delivered and that there was a sufficient consideration.

[1] Reported in 103 N. W. 719.

Action in the district court for Yellow Medicine county to restrain the foreclosure of and to annul a real estate mortgage. The case was tried before Qvale, J., who made findings of fact, and as conclusions of law found that the mortgage was a valid and existing lien and that the temporary injunction theretofore granted should be discharged. From a judgment entered pursuant to the findings, plaintiffs appealed. Affirmed.

L. H. Schellbach and Bert O. Loe, for appellants.
Ole Hartwick and C. A. Fosnes, for respondents.

LEWIS, J.

John G. Dodsworth, then owner of the premises in controversy—a lot and building in Granite Falls—on November 15, 1894, deeded the same to his son, one of the appellants. There was no other consideration than the transfer of the property to the son in anticipation of any accident that might happen to the father upon a premeditated trip abroad. Appellant Dodsworth had no knowledge of the execution of the deed at the time, but afterwards received the title, with knowledge of the father's purpose, and with the intention of reconveying the same upon demand. The father returned from abroad in 1895, but never made any demand for a reconveyance, although he received and enjoyed the rents and profits arising therefrom until 1901. During 1893 and 1894, respondent Mrs. Sullivan, a sister of John G. Dodsworth, on behalf of herself and daughters, advanced him certain sums of money for investment, in consideration of which he executed certain promissory notes to them, maturing one year from date; and June 10, 1899, there was due and payable thereon the aggregate sum of $630. At the time of the execution of the notes John G. Dodsworth was solvent, but before or during 1901 he became insolvent, of which fact Mrs. Sullivan and her daughters had no notice. June 10, 1899, appellant had full knowledge of the indebtedness evidenced by the notes referred to, and, pursuant to an agreement with his father, and for the purpose of securing the payment thereof in preference to having the property seized by the judgment creditors of the father, made and executed a mortgage deed—his wife joining—whereby he mortgaged and conveyed the premises to respondent Sullivan to secure the payment of $630. Appellant caused the mortgage to be

recorded in the proper office, and thereafter notified Mrs. Sullivan and her daughters of the fact of its execution, and they accepted it as security for their claim, and extended the time of payment. This action was commenced by appellant to enjoin a foreclosure of the mortgage by Mrs. Sullivan upon the ground that it was executed without consideration, and without Mrs. Sullivan's knowledge and consent, and that the same was never delivered. The court found the facts as above stated, and judgment was entered in favor of respondents.

1. Does the evidence tend to support the findings of the court to the effect that the mortgage was executed for a valuable consideration for the purpose of securing the father's indebtedness to Mrs. Sullivan? Appellant admits that he accepted a conveyance of the premises without consideration; admits that he executed the mortgage running to Mrs. Sullivan for the amount of the indebtedness then owing by his father to her and the daughters; but denies that it was in pursuance of any agreement between himself and his father; and claims that it was without the knowledge of Mrs. Sullivan, and was given for the purpose of covering up the property, and preventing the father's judgment creditors from reaching it by setting aside the conveyance, which was admittedly without consideration.

In order to maintain the defense, the deposition of Mrs. Sullivan was taken and admitted in evidence. Attached to the deposition were two letters written by the father—one dated February 3, 1900, in which he notified one of Mrs. Sullivan's daughters that he had placed a mortgage upon some real property of his own in favor of her mother for $630, and that the same should be kept insured for the amount of the debt; the other, of date May 5, 1900, directed to Mrs. Sullivan, in which he referred to the former letter to the daughter, and recited the fact that the indebtedness was secured, and that the property would be kept insured for the full amount thereof. There was also introduced in evidence a letter dated September 21, 1901, written by appellant to one of Mrs. Sullivan's daughters, in which he referred to the fact that the mortgage had been given to forestall any action on the part of his father's creditors to reach the property, but added that he had given it to her mother as protection against loss of their money; and his excuse for not sending on the mortgage itself was that it would be due that fall, and, if he sent it, it would have to be

extended, or a new mortgage made out, and, if they should sell the mortgage, it might be foreclosed. The letter further stated that he would make a payment of whatever he could during that year, offering to make out a new mortgage if· they would extend the time. In connection with .this letter, appellant testified that he had given the mortgage for the $630, intending to secure that amount.

These letters were properly received in evidence, and tended to show that the mortgage was executed in good faith for the very purpose of securing the indebtedness due respondent Sullivan and her daughters. The fact that the premises in question had been conveyed to the son, without any consideration, for a temporary purpose, and that the father retained control thereof, and received the rents and profits therefrom, followed by the act of the son in executing the mortgage to secure the indebtedness due from the father, with the intention of so doing, were sufficient facts to sustain a finding to the effect that the son was holding the property for the benefit of his father, and did not intend to, and did not in fact, hold the title to the same exclusively for his own benefit. And if such was the state of the title, and the father was in fact the owner, and so recognized by the son, then the declarations of the father, in the letters referred to, as to the mortgage being executed, were not the statements of a stranger. If the mortgage was given. to secure the father's indebtedness, it was immaterial that the son may have had another purpose in view— to cover up the property and remove it from reach of the father's creditors. If Mrs. Sullivan in good faith accepted the security, relied upon it, and extended the time of payment, appellant is in no position to take advantage of the fact that there was no actual money consideration passing to him, or to shield himself behind the claim that he only executed the mortgage for his own benefit in order to avoid pursuit by his father's creditors.

2. It has been held that when the possession of a conveyance is retained by the record owner, without a present intention to part with the absolute dominion of the property, and the grantee has no notice thereof, the record of such conveyance is ineffective to transfer title. Hooper v. Vanstrum, 92 Minn. 406, 100 N. W. 229. Such is not this case. While appellant retained the mortgage, and afterwards held it back as a threat to compel Mrs. Sullivan to extend further time,

the evidence is quite sufficient to support the holding of the court that there was in fact a delivery. Delivery depends upon the intention of the grantor. Lee v. Fletcher, 46 Minn. 49, 48 N. W. 456; Barnard v. Thurston, 86 Minn. 343, 90 N. W. 574; Chastek v. Souba, 93 Minn. 418, 101 N. W. 618. This was not a voluntary conveyance, without consideration. The consideration was a valid and existing indebtedness running from the father, who either owned the property in fact, or controlled it for the purpose. There was notice to the grantee of the existence of the mortgage, and not only that, but she received and retained it in good faith as sufficient security, relying upon appellant's representations.

Judgment affirmed.