ANNIE KESSLER AND ANOTHER v. MATHILDA VON BANK AND OTHERS.[1]

November 28, 1919.

No. 21,512.

**Delivery of deed — evidence.**
1. Evidence considered and *held* to sustain a finding that a deed, under which plaintiff claims title, was duly delivered.

**Admission of evidence.**
2. No reversible error was made in the reception of testimony.

Action in the district court for Wright county for the partition of certain premises. The case was tried before Giddings, J., who made findings and as conclusion of law ordered that the partition should be had in the manner stated in the first paragraph of the opinion. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*John P. Nash, William M. Nash* and *Arthur M. Higgins,* for appellants.

*S. A. Johnson,* for respondents.

[1]Reported in 174 N. W. 839.

Holt, J.

Action to partition a quarter section of land. The appeal is from a decree partitioning the same by drawing a line north and south through the center of the quarter section, giving the defendant Mathilda Von Bank the right to select the tract she desired and awarding her the title thereto, and awarding the other tract to the plaintiff Annie Kessler. Defendants appeal.

On November 25, 1911, Henry Dalheimer, the then husband of defendant Mathilda Von Bank, and the father of plaintiff Annie Kessler and the defendants Edmund, Teresa, and Isabella Dalheimer, was on his death bed in a hospital at Anoka. Annie was by a former wife; the three last named children were by the defendant Mathilda. At the time mentioned a brother suggested that, in view of the near approach of death, it would be advisable to make disposition of his property. He acted on the suggestion, and the clerk of the district court at Anoka was called in to prepare the necessary instruments. Dalheimer owned two mortgages and three pieces of real estate in Wright county. Two of the pieces were small, one of which was the homestead, and the third was the quarter section mentioned. The daughter Annie was then unmarried. Three separate deeds were drawn and executed to Annie as grantee. Assignments of the mortgages to the wife Mathilda were executed. Mr. Hart obtained the description from deeds and mortgages which Dalheimer kept in a small valise in a closet in the room. He was in bed and very weak. The valise was brought out at his request by his wife. When the deeds and assignments had been executed, he sank back on his pillow, and indicated by motion that the instruments be placed in the valise and returned to the closet. Hart was not at the trial. Annie was not present when the instruments were executed. The statute prevented Mathilda from testifying. Dalheimer died on December 7 following.

On the fourteenth of that month his widow and Annie went to a notary public, who at the request of the widow drew two deeds to the two small tracts of land mentioned wherein Annie was grantor and Mathilda grantee. The deeds were executed. Then she gave the notary the three deeds and the two assignments of mortgage drawn by Hart, and executed as above stated, also the two deeds Annie executed, and directed him to record all of them. This was done. Although the record title

thus appears to have been in Annie to the entire quarter section, she alleged in the complaint that she was the owner of an undivided half only, and that the other undivided half was owned by her stepmother, Mathilda Von Bank.

The testimony at the trial indicated that Dalheimer desired to dispose of his property while living, so as to save expense and trouble after his death; that he took the means of transferring, through his daughter Annie, what he intended his wife to have of the real estate, and also that Annie was to have one-half of the quarter section, and all the rest, both personal property and real estate, should go to his wife.

The appeal presents two questions: (1) Were statements of Dalheimer as to his intended disposition of his property admissible? (2) Was there a delivery of the deed to Annie?

It is difficult to see that the testimony objected to has any bearing upon the delivery of the deeds on November 25, 1911. If the deeds were in fact delivered, the title to all his real estate passed absolutely to Annie. But were it otherwise, declarations of intentions to do some act in the future are often admissible to characterize the act when done, and the extent to which such evidence is admissible is largely within the discretion of the trial court. If such declarations are remote from the performance of the act to which they relate, little aid can be had from their admission in evidence. But it is for the trial court to determine when the limit is reached. Johnson v. Holst, 86 Minn. 496, 90 N. W. 1115. We perceive no abuse of discretion in the rulings in this case.

The appeal hinges on the fact whether there was a delivery without an actual passing of the instrument from the hand of the grantor to that of the grantee. The intention of the grantor to pass title by the execution and disposition of the deed is of controlling importance. The matter has been often considered in this court. Conlan v. Grace, 36 Minn. 276, 30 N. W. 880; Nazro v. Ware, 38 Minn. 443, 38 N. W. 359; Lee v. Fletcher, 46 Minn. 49, 48 N. W. 456, 12 L.R.A. 171; Haeg v. Haeg, 53 Minn. 33, 55 N. W. 1114; Babbitt v. Bennett, 68 Minn. 260, 71 N. W. 22; Barnard v. Thurston, 86 Minn. 343, 90 N. W. 574; Chastek v. Souba, 93 Minn. 418, 101 N. W. 618; Vessey v. Dwyer, 116 Minn. 245, 133 N. W. 613; Ingersoll v. Odendahl, 136 Minn. 428, 162 N. W. 525. "Delivery to an agent or delivery to a stranger or for record, even if done

without the knowledge of the grantee, is, if followed by his assent, a good delivery." Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614. In view of what was said in Conlan v. Grace, supra, we may here state that the fact that the deeds, after being signed and acknowledged, were placed at the disposal of and left with Dalheimer's wife, evinced an intention of the parties that they should take effect at once as conveyances. If so there was a sufficient delivery. In the light of the circumstances under which the various instruments drawn by Mr. Hart were executed, we think the court was justified in finding that there was an intention on the part of the grantors (Mr. Dalheimer and his wife) that they should become effective at once. The acts of the widow, the defendant Mathilda, in causing them to be recorded, and taking a conveyance from Annie for two of the three tracts described in the deeds, and Annie's acquiescence, indicate a delivery, and the finding to that effect by the learned trial court cannot be disturbed.

The judgment is affirmed.