MARY A. McGRATH v. AGNES M. POTHEN AND OTHERS.[1]

July 9, 1926.

No. 25,439.

**Finding sustained that deed was delivered.**

1. Evidence examined and *held* sufficient to sustain the finding that there was a delivery of the deed under which defendants claim title to the premises involved.

**Finding sustained that grantors intended to convey life estate by one deed and remainder in fee by the other.**

2. The finding is supported that two warranty deeds executed and delivered on October 21, 1924, to said premises by the then owner and wife were by agreement between such owner and plaintiff intended to convey to plaintiff, the grantee in one of said deeds, a life estate and to her children, the grantees in the other, the remainder in fee.

**When proof of surrounding circumstances and what was said and done are admissible to show intent.**

3. There being a conflict between the two instruments executed by the grantors at practically the same time, it was proper to show the intent by proof of surrounding circumstances and by what was said and done by the parties concerned at the time of the signing and delivery of deeds.

[1]Reported in 209 N. W. 752.

**Too late to raise objections to pleadings after reception of evidence without objection.**

4. Objections to the pleadings cannot be raised after the evidence has been received without objection.

Deeds, 18 C. J. p. 268 n. 49; p. 272 n. 97; p. 438 n. 62.
Pleading, 31 Cyc. p. 723 n. 92.

See 8 R. C. L. pp. 1016, 1048.

Action in the district court for Ramsey county to determine adverse claims to three tracts of land in St. Paul. The case was tried before Orr, J., who ordered judgment in favor of defendants vesting title in them subject to a life estate in plaintiff. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*Christofferson, Walsh, Christofferson & Jackson,* for appellant.

*O. E. Holman* and *Rosenthal & Danz,* for respondents.

HOLT, J.

Action to determine adverse claims to three tracts of land in St. Paul wherein findings were made directing judgment that defendants are the owners in fee subject to the life estate therein of plaintiff. Plaintiff appeals from the order denying a new trial.

Plaintiff is the mother of the defendants who were decreed the fee owners, and it is undisputed that she was the owner of the properties when she conveyed the same to her brother, Harry Fritz, in October, 1917. The evidence clearly indicates that the purpose of the conveyance was to place the properties out of the reach of the grantor's creditors. This deed was promptly recorded. Plaintiff claims that the same time her brother reconveyed the same lands to her. But that this deed was obtained from plaintiff by her mother who refused to return it so that it was never recorded. The evidence was such that no just criticism can be made of the refusal to find that such a reconveyance was made by the brother. Deeds were drawn in 1922 between plaintiff and her brother, but it is not seriously contended that these were ever delivered. The fact re-

mains that in 1917 plaintiff deeded the properties to her brother under such circumstances that she could never question his absolute title thereto and he continued such owner until the execution by him on October 21, 1924, of two warranty deeds of the properties in one of which plaintiff is the grantee and in the other her children, the defendants.

Upon this record it cannot be claimed, even were it material (which we do not think it is, Redmond v. Hayes, 116 Minn. 403, 133 N. W. 1016), that plaintiff's brother held the title merely to prevent her creditors from reaching it, for as to two of the tracts he acquired the sheriff's certificate on the foreclosure of a mortgage executed by plaintiff while she was the record owner, and as to all, when the conveyance by plaintiff of 1917 was assailed in an action by one of her judgment creditors to which action her brother and she were parties, it was determined that the brother had a substantial interest and lien, but that such lien was subject to the judgment lien of the plaintiff in that action, and relief was granted as to the tract not involved in the mortgage foreclosure sale, and it was denied as to the two so involved, because there was no equity above that of the mortgages thereon.

We therefore come directly to the effect of the two deeds mentioned, brushing aside the technical objections to the assignments of error. The first question is: Did the court err in holding that there was effective delivery to the defendants, grantees in the one deed.

The facts are these: Plaintiff and her brother and his wife went to a bank where a notary public drew the deed to her children, and with reference thereto plaintiff testified that she wanted the title conveyed to the children, and that later in the day she wrote upon the deed: "After my death, Mary A. Pothen." Pothen was then her name. That deed was signed and acknowledged in the bank. Thereupon the parties, for what reason does not appear, left the bank and drove some distance to an office where a daughter of plaintiff was employed as a stenographer and had her draw a warranty deed to the same three properties wherein the brother and his wife

were also grantors and the grantee was plaintiff. The deed was signed and acknowledged before a notary public and then all went to the brother's home for supper. The brother was a police officer, and had to go on duty before all had finished supper. When plaintiff was about to go home she asked for the deeds, and her sister-in-law picked them up from a table and handed them to plaintiff.

So far there is no dispute. There was ample testimony from which the court could find that the grantors made an irrevocable delivery of both of these deeds, that plaintiff agreed to place both in a bank vault and not to record either until the death of the brother, the grantor. The parting of the possession and a surrender of authority over the deed by the grantor constitute a delivery thereof even though there is a condition attached that it shall not be recorded until a certain subsequent time, or that it shall not reach the hands of the grantee until some future time which inevitably will come to pass, as upon the death of a person in being. The delivery does not need to be made to the grantee personally. It may be made to another for him. The grantees here were all mature persons who no doubt knew of the transaction when it occurred. The conveyance was beneficial to the grantees, imposing no burdens upon them. The inference is that there was an acceptance by them of the delivery. The following authorities bear upon the proposition stated and sustain the findings as to delivery: Scofield v. Quinn, 54 Minn. 9, 13, 55 N. W. 745; Barnard v. Thurston, 86 Minn. 343, 347, 90 N. W. 574; Chastek v. Souba, 93 Minn. 418, 101 N. W. 618; Ekblaw v. Nelson, 124 Minn. 335, 336, 144 N. W. 1094; Ingersoll v. Odendahl, 136 Minn. 428, 162 N. W. 525; Kessler v. Von Bank, 144 Minn. 220, 222, 174 N. W. 839; Nash v. Kirschoff, 157 Minn. 418, 196 N. W. 488.

The other important question raised by the appeal is whether the two deeds were open to construction and could be construed in the manner done by the trial court. Taking each deed by itself there is no ambiguity or room for construction. The transfer of a title however includes not only the signing of an instrument, but also the delivery thereof. What was said and done and the sur-

rounding circumstances must determine the fact of delivery and may be shown. Here the delivery of two deeds by the same grantors to different grantees purporting to convey the title in fee to the same properties creates more than an ambiguity. There is an apparent conflict. We think the authorities under those conditions, sustain the reception of oral proof as to the grantor's intention and purpose in executing and delivering two such instruments. Where two clauses or provisions in the same instrument are in conflict extrinsic evidence may be resorted to in order to determine the actual intention of the makers. Where two separate instruments are executed at the same time under circumstances indicating that the one would not have been executed unless the other was also, thus evidencing one transaction, they should be construed together, and are as open to oral proof of intention as where an ambiguity appears in a single document or a conflict in terms thereof. In support of the admissibility of surrounding circumstances, the situation of the parties, and previous negotiations in order to determine the fact of intent may be cited: Grueber v. Lindenmeier, 42 Minn. 99, 100, 43 N. W. 964; Scofield v. Quinn, supra; Thomas v. Williams, 105 Minn. 88, 117 N. W. 155; Sandretto v. Wahlsten, 124 Minn. 331, 332, 144 N. W. 1089; Blocker v. Mayer Bros. Co. 127 Minn. 241, 244, 149 N. W. 285; James River Nat. Bank v. Thuet, 135 Minn. 31, 33, 159 N. W. 1093; Goodrich v. N. W. Tel. Exch. Co. 148 Minn. 219, 223, 181 N. W. 333. The grantors' intention and for that matter, also plaintiff's, in executing and delivering the two deeds of October 21, 1924, could well be found upon this record to have been to convey a life estate to plaintiff and title in fee subject to such life interest to her children, defendants. The findings to that effect must be sustained.

Some fault is found with permitting defendants under the pleadings to prove the adverse claim or title which they were found to hold. It seems the evidence was received without objection, and no assignment of error raises any question in regard thereto. It may be that the grantors in the deeds should have been made the parties to the action so that reformation of the instruments to conform to

the intention of the parties could have been decreed. But here under the statutory action each party claimed title in fee and averred that the other's claim was unfounded and asked to have it determined. The court determined the title of both sides and the judgment will have the same effect between them as a decree of reformation.

The order is affirmed.