## J. R. BLOCHER v. MAYER BROTHERS COMPANY.[1]

October 30, 1914.

Nos. 18,779—(42).

**Parol evidence to explain written contract.**

1. The contract set out in the opinion *held* ambiguous and uncertain in

[1] Reported in 149 N. W. 285.
127 M.—16.

its terms, as respects the subject matter of the litigation, and that parol evidence was admissible in explanation of the same.

2. The construction of the contract, the same being ambiguous and the parol evidence in explanation thereof not being conclusive of the intention of the parties, was properly submitted to the jury.

Action in the district court for Blue Earth county to recover $1,250 under a contract for payment of royalties. The case was tried before Pfau, J., who denied defendant's motion to dismiss the action and its motion for an instructed verdict in its favor, and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Miles Porter, George E. Perley* and *Tim A. Francis,* for appellant.
*C. O. Dailey,* for respondent.

BROWN, C. J.

Action to recover certain royalties claimed to be due plaintiff from defendant under the contract hereafter referred to, in which defendant had a verdict, and plaintiff appealed from an order denying a new trial.

The facts in brief are as follows: One Larson was the holder of a patent device known as the Cyclone Disc Sharpener. In January, 1912, he entered into a contract with defendant, a corporation, under which defendant undertook and agreed to manufacture and sell a certain number of the machines annually and to pay Larson a fixed royalty for each machine sold. The contract was subsequently assigned to plaintiff who thereby succeeded to the rights of Larson. The issue presented on the trial, aside from that of fraud set up in the answer which does not seem to have been seriously litigated, was whether defendant was required to manufacture each year the number of machines mentioned in the contract, and to pay royalties thereon, or whether the royalty payments were intended to be limited to the number of machines actually sold by defendant. The contract was in writing and on the theory that it was ambiguous and uncertain in its terms the trial court admitted parol evidence in explanation thereof, and submitted the question of construction to the jury.

By their verdict for defendant the jury found that the parties intended by the contract to impose upon defendant the obligation to pay for machines sold only, and not for those manufactured and not sold.

Two principal questions are presented on this appeal, namely: (1) Whether the trial court erred in admitting parol evidence in explanation of the contract; and (2) whether there was error in submitting the construction of the contract to the jury. We think both questions should be answered in the negative.

1. The contract, insofar as here material, provides as follows: ·

"That the party of the first part (Larson) having a patent number 865627 on what is known as the Cyclone Disc Sharpener, and is desirous that party of the second part manufacture and sell the same and to pay him a royalty of ten ($10) dollars for each machine manufactured and sold. The party of the second part agrees to manufacture at least fifty of said machines on or before February 15th, 1913, and to manufacture at least one hundred of said machines every year thereafter during the continuance of this agreement, and to pay ten ($10) dollars royalty on each machine so manufactured and sold as hereafter stated. The party of the second part agrees to make a report to party of the first part immediately after the sale of each machine giving the name and postoffice address of the purchaser. * * * The party of the second part agrees to make settlement for all royalty not later than sixty days after date of shipment. * * * It is further understood and agreed between the parties that settlement, as per contract in amount, shall be had and made for all machines sold on the 15th day of February, 1913, and annually thereafter, and party of the second part agrees to pay royalty on all machines manufactured as per contract in amount, prior to said date of settlement within sixty days, that is on February 15th, 1913, royalty on at least fifty machines will have to be paid within sixty days, and annually thereafter royalty will have to be paid on at least one hundred machines within sixty days after the date of settlement."

The contract contains other and further stipulations and agreements between the parties, but the foregoing embraces all thereof

bearing upon the payment of royalties. It will be noticed that by the language of the forepart of the contract, as above set out, defendant was obligated to pay a royalty on all machines sold, and its liability would seem there to be clearly limited, and to exclude the payment of royalties on machines not sold. While the latter part of the quotation, though somewhat involved, states that the royalty "will have to be paid" on all machines manufactured. The two clauses are inconsistent and render the contract as a whole doubtful and uncertain. In other words, in respect to the agreement for the payment of royalties it is ambiguous and open to parol explanation. There was no error therefore in the admission of the evidence offered by defendant for that purpose. 1 Dunnell, Minn. Dig. §§ 3397, et seq. From this it necessarily follows, the evidence not being conclusive upon the question of the intent of the contract, that the construction thereof was properly submitted to the jury. 1 Dunnell, Minn. Dig. § 1841.

This disposes of the principal questions in the case and results in an affirmance. The other assignments of error present no ground for a new trial, and there was no error in the charge or refusals to charge the jury.

Order affirmed.