(75 South. 731)

No. 21979.

JOHNSON v. NEW ORLEANS GREAT NORTHERN RY. CO.

(May 14, 1917. Rehearing Denied June 11, 1917.)

*(Syllabus by the Court.)*

1. CARRIERS ⊕➡365(2)—EVICTION OF PASSENGER—VIOLENCE—LIABILITY FOR DAMAGES.

Where a passenger on a railroad train had paid his fare by the surrender of his ticket to the conductor, the railroad company will be responsible in damages for the eviction of such passenger at a point short of the destination called for by his ticket, and for all violence used against him.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1451.]

2. PLEADING ⊕➡428(7) — ENLARGEMENT BY EVIDENCE.

Evidence received without objection enlarges the pleadings.

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Joseph B. Lancaster, Judge.

Action by Luke Johnson against the New Orleans Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Benj. M. Miller, of Covington, for appellant. Sanders, Brian & Sanders, of New Orleans, for appellee.

LAND, J. Plaintiff, a colored man of middle age, with one arm, and a common laborer earning $1.50 per day, sued the defendant for a large amount of damages, for having been assaulted, beaten, and kicked by the conductor of one of defendant's passenger trains, after the plaintiff had paid his fare.

The defense was, in effect, a denial of all the material allegations of the petition.

There was a verdict and judgment in favor of the plaintiff for $1,500, and the defendant has appealed.

[1] The testimony in this case is confused and conflicting, but it is reasonably certain from the evidence:

That, on the Sunday morning in question, the plaintiff purchased in the railroad office at Varnado a ticket to New Orleans and return for the price of $1.50; and that on his return on the evening of the same day the return coupon was taken up by the conductor.

That the conductor on reaching Bogalusa insisted on the plaintiff leaving the train at that place and on his refusing to do so, he was assaulted, beaten on the head with a pistol, and ejected by violence from the car.

That on the same return trip, the plaintiff was struck on the head with a "billy" in the hands of a deputy sheriff, for alleged disorderly conduct.

Without attempting to recapitulate the confused and conflicting testimony, suffice it to say that there was sufficient evidence adduced, if plaintiff's witnesses were given credit, to warrant the jury in finding that the plaintiff had a return ticket to Varnado, which was taken up by the conductor, and that consequently the violent ejectment of the plaintiff from the train at Bogalusa was wrongful and illegal.

The conductor admits that he instructed a deputy sheriff from Mississippi to eject the plaintiff, and that official admits that he struck the plaintiff on the head with a pistol, because he resisted the expulsion.

The evidence shows that at some point between New Orleans and Bogalusa, the plaintiff had been struck on the head with a

"billy" in the hands of a Louisiana deputy sheriff hired by the defendant on the report of the porter that the plaintiff was raising a disturbance with another passenger.

The porter and the deputy describe the plaintiff as wide-awake, turbulent, and belligerent; while other passengers picture him as sleeping so soundly that the conductor, calling for his ticket, had great trouble in waking him.

Both officers urged in self-defense the worn-out excuse that the one-armed plaintiff moved his hand towards his bosom or his pocket. From all reasonable accounts, the plaintiff was a quiet, peaceable man, whether sober or in his cups.

[2] No objections were made to the evidence, and it is too late to urge that some of the evidence is ultra petitum.

On the facts the verdict and judgment are presumed to be correct, and we see no good reason for disturbing the award.

The eviction of the plaintiff from the train was per se ground for the recovery of damages, and the violent assaults made upon him, without legal excuse, aggravates the tort.

Judgment affirmed.