LAND, J.
The plaintiff seeks to recover damages for personal injuries sustained by her while a passenger on one of the defend *623 ant’s cars. There was a verdict and judgment in favor of the defendant, and the plaintiff appealed.
The contention of the plaintiff is that the car came to a full stop, and she and other passengers prepared to get off, and that while the car was at a standstill, and when the petitioner was rising from her seat, “the car was suddenly, unexpectedly and violently started forward and suddenly stopped again, and so unexpectedly jolted” that the plaintiff was thrown forward against the seat immediately in front of her, and her left knee was forced violently against the iron frame or parts of said seat, and in consequence her left kneecap was fractured, thereby subjecting her to mental and -physical pain and permanent injury to said kneecap.
The answer admits that the car stopped, but denies that it started forward again, as alleged, and avers:
“That after the car was stopped it remained at rest for several moments; that the plaintiff was burdened with a large flowerpot, and in arising from her seat struck her knee against the seat in front of her; that at this time the car was motionless.”
[1] The crucial question in the case is whether, as alleged, the plaintiff was thrown forward against the seat in front, and injured, by the sudden and violent starting of the car.
The gist of the testimony in the case on this decisive question may be stated as follows:
Witnesses for Plaintiff.
The plaintiff answered positively in the affirmative.
Mrs. Caroline I-Ioulne answered that the car gave a jerk when it stopped, and was still after that.
Miss Lizette Labarre, niece of the plaintiff, who sat with plaintiff .on the same seat, and preceded her to the platform, answered that she did not feel any jerk or jolt of the car, after it came to a stop, and did not know anything about the same.
Mrs. E. Houlne, nurse, answered that as the car was coming to a standstill, she put her hand on the .back of the car, and just as she was taking her hand away the car gave a jerk and started off again.
Witnesses for Defendant.
Miss Audley Tureau answered that the car gave a jolt as it stopped, as usual, and that the plaintiff, who was half standing with a flowerpot in her hand, all at once sat down again on the seat, and put her hand on her knee.
Joseph C. Davis, the motorman, and Julius Eberd, the conductor, answered that the car made the regular easy stop, without any unusual jolt or jar.
So the witnesses stand five to two against the proposition that the car, after stopping, suddenly started forward, as alleged in the petition. There is no negligence charged in the bringing of the car to a stop on that occasion.
On the record before us we cannot say that the verdict is contrary to the preponderance of the evidence, which is conflicting; and in such cases it is the well-settled rule of this court not to disturb the verdict.
[2, 3] The evidence was received without objection, and it is too late to urge that some of it was not admissible under the pleadings.
It does not follow from the fact that a passenger has received injury in consequence of some jolt- or jar on an electric street car that he is entitled to recover damages.
On the contrary, the rule is that such passenger assumes the risk of injury from ordinary jolts and jars incident to the operation of electric ears, with due care, in the usual manner. Vincent v. New Orleans Ry. & Light Co., 134 La. 654, 64 South. 654.
Judgment affirmed.