[Civ. No. 6135.   Second Appellate District, Division One.—December 22, 1930.]

LONG BEACH FINANCE CORPORATION (a Corporation), Appellant, v. PAUL SLOCUM et al., Respondents.

John C. Miles for Appellant.

James McLachlan for Respondents.

YORK, J.—This is an appeal from a judgment of the trial court in favor of defendants, which judgment is based upon the theory that the plaintiff was estopped to claim that one Jessie Slocum was not the owner of the automobile,

which is the real subject of this action, at the time of the commencement of the action and at all times subsequent thereto.

The legal title to the automobile was shown to be vested in appellant. The main issue of fact actually tried by the court, was in relation to the claim of respondent Jessie C. Slocum that, by reason of facts which respondent sought to prove, appellant was estopped to deny that Mrs. Slocum was the owner and entitled to possession of said automobile.

The record discloses the fact that the evidence relating to the so-called estoppel was introduced without any objection on the part of the plaintiff. Under the authority of *Flandreau* v. *Downey*, 23 Cal. 354, it is deemed that the plaintiff waived the lack of said so-called estoppel being pleaded before the court in this case. (See, also, *Carpy* v. *Dowdell*, 115 Cal. 677, at 688 [47 Pac. 695].)

However, assuming that estoppel was properly pleaded, appellant insists that the evidence adduced at the trial fails to establish an equitable estoppel, for the reason that one of the vital elements of estoppel is that injury must result from the acts or conduct relied upon as constituting an estoppel.

Prior to the transactions relied upon as creating an estoppel, Mrs. Slocum had entered into an agreement with one Skinner, by which she was to transfer to Skinner a car owned by her, in exchange for a car which Skinner then had in his possession under a contract of conditional sale to him, the legal title of which was then vested in plaintiff as assignee of Skinner's vendor.

The record shows that one Miller, an officer of the plaintiff corporation, stated to Mrs. Slocum that Skinner had paid for the car, which constitutes the subject of this controversy, but the record is replete with evidence showing that Mrs. Slocum had delivered her own car to said Skinner (the maker of the dishonored check which was supposed to pay for the automobile in question), before the conversation referred to took place. It is quite evident that she did not, in reliance upon plaintiff's statement, part with anything of value or alter her position to her damage; therefore, no facts constituting an estoppel were proven.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.