(132 So. 661)

## GIBSON et al. v. ARNOLD et al.

No. 29625.

Feb. 2, 1931.

Williams & Blackshear, of Oakdale, for appellant.

Sidney I. Foster, of Leesville, for appellees.

BRUNOT, J.

This is an appeal from a judgment in favor of the plaintiffs and against the defendants annulling an administrator's sale of the property involved in the suit. The defendants are the administrator and the three adjudicatees of the property. James Ellis Belvin, one of the adjudicatees, alone appealed. The appellant has not filed a brief in the case or made any appearance in this court.

Ephriam Gibson died, intestate, in Allen parish, in 1915, leaving a widow and seven children, three of whom were minors, and an estate consisting of his interest in the community of acquêts and gains existing between himself and his surviving spouse. On March 26, 1916, M. D. Gibson, one of the major sons of the deceased, died intestate, leaving as his sole heirs his surviving mother and brothers and sisters, and an estate consisting of his interest in his deceased father's succession, and some paraphernal property of small value.

In 1921 the plaintiffs engaged the services of Mr. C. H. Love, an attorney at law, who filed the required petition, affidavits, and rule upon the sheriff and tax collector, together with a judgment adjudicating both estates

to the plaintiffs free from inheritance taxes. For reasons which are not disclosed by the record, the rule upon the sheriff and tax collector does not appear to have been heard, and the judgment was not signed. There were no incumbrances upon any of the property of either estate, and both were practically out of debt. This condition existed in 1923, when all of the plaintiffs, except one, removed to Port Arthur, Tex. It appears, from proof of alleged lost records, which was admitted during the trial, over the objection of counsel for the plaintiffs, that a short time after the plaintiffs removed to Texas, the defendant, J. V. Arnold, a stranger to the plaintiffs, and without knowledge on their part, applied for and was appointed administrator of the succession of Ephriam Gibson. Thereafter, Mr. Love, the administrator's attorney of record, filed a petition setting forth the necessity for a sale of all of the property of said succession to pay debts, and obtained an order of court directing that the sale be made, by the administrator, according to law.

It is shown by proof, which was admitted in the record without objection, that the property was offered and sold by the administrator at Oakdale, a town or village, about fourteen miles from Oberlin, the county seat of Allen parish.

██ The petition does not allege, as a ground for nullity, that the sale was made at a place other than the courthouse, but the trial judge correctly found that the admission of proof of that fact, without timely objection thereto, enlarged the pleadings. After quoting the testimony, in part, the judge says: "After other questions by Mr. Foster, another witness was examined, documentary evidence was introduced, and a recess taken. Then, for the first time, counsel for defendants objected to the testimony of his own witness as to the place of sale, and moved to strike it from the record. The motion was refused, for plainly, it came too late." In the brief of counsel for the appellees it is contended that Mr. Love acted without authority in the matter of the administration and sale of the estate of Ephriam Gibson to pay debts.

Our reading of the testimony has led us to the conclusion that it sustains this contention. See the testimony of Mrs. Gibson, pages 14 to 19 of the record, and the testimony of Mr. Love, on cross-examination, page 80 of the record.

He also contends that his objection to parol testimony to supply lost public documents should have been sustained, and that the property was sold for less than two-thirds of its appraisement. We need not consider these contentions for the reason that the trial judge correctly held that the pleadings were enlarged by admission of proof of the place of sale, without objection, and that all succession sales, except such as are specially ordered to be made on the premises, must be made at or in the vicinity of the courthouse.

██ This court has held in four comparatively recently decided cases that "evidence received without objection enlarges the pleadings." These cases are Masicot v. N. O. Ry. & Light Co., 141 La. 622, 75 So. 490; Johnson v. N. O. Great Northern Ry. Co., 141 La. 807, 75 So. 731; Blodgett Const. Co. v. Board of Com'rs, Caddo Levee Dist., 153 La. 623, 96 So. 281; Taglialavore v. Caernarvon Drainage Dist., 153 La. 811, 96 So. 665.

In the last cited case the court said (quoting from the syllabus):

"Where evidence as to cause of breaking of temporary dam of drainage district was offered and received without objection, to the extent that it contradicted the pleadings, it

corrected and enlarged them and was binding upon all parties."

Act No. 243 of 1908 is mandatory. It requires that sales of succession property shall be made at or in the vicinity of the courthouse, except where the succession consists wholly or in part of moveables, in which case the court may, on proper application, order it to be made on the premises.

For the reasons stated, we find the judgment to be correct, and it is therefore affirmed at appellant's cost.