(No. 5918. April 27, 1933.)

IDAHO STATE MERCHANTS' PROTECTIVE ASSOCIA-
TION, a Corporation, Appellant, v. EDDIE B. ROCHE,
Respondent.

[22 Pac. (2d) 136.]

F. M. Bistline, for Appellant.

Finis Bentley, for Respondent.

MORGAN, J.—This is an action on a promissory note made payable and given to International Accountants Society, Inc., a foreign corporation, in payment for a course of instruction to be furnished to respondent by that corporation. The note was assigned to appellant for collection and action was commenced thereon in the court of a justice of the peace, resulting in judgment for plaintiff. The case was appealed to the district court and tried to a jury. At the conclusion of the introduction of evidence both parties moved for an instructed verdict, whereupon the jury was discharged and the court rendered judgment in favor of defendant, from which this appeal has been prosecuted.

The judgment of the district court is based upon the ground that the note is void because secured by fraud; also that the action cannot be maintained because, at the time of the transaction resulting in the giving of the note, International Accountants Society, Inc., was doing business in the State of Idaho without having complied with the laws of this state pertaining to foreign corporations doing business here; that the transaction whereby the note was obtained constituted doing business within the State of Idaho, and that appellant, as assignee for the purpose of collection only, is in no better position to maintain the action than said foreign corporation would be.

Respondent moved to dismiss the appeal on the grounds: 1. That the transcript was not served and filed within the time prescribed by Rule 23 of our rules of practice; 2. That the reporter's transcript was not procured, served and settled according to the provisions of Idaho Code Annotated, sec. 7–509, because of delay in serving and filing it; 3. That appellant's brief was not served within the time prescribed by Rule 43 of our rules of practice.

 ·The delay in serving and filing the transcript is satisfactorily explained in an affidavit filed by appellant's counsel in opposition to an objection to an order being made by the trial judge settling the reporter's transcript, that objection being based on the same ground as is the motion to dismiss, so far as it relates to the transcript. There was slight delay in serving the brief, but it does not appear the rights of respondent have been in any way prejudiced thereby and the motion to dismiss the appeal is overruled. (*Clayton v. Barnes*, 52 Ida. 418, 16 Pac. (2d) 1056.)

Appellant attacks the sufficiency of the answer to support the finding that fraud was perpetrated in procuring the note, and insists the evidence is insufficient to sustain that finding. The second and further affirmative defense, set up in the answer filed in the justice's court, is as follows:

''1. That as a part of the consideration for the signing of the note described in paragraph two of plaintiff's complaint, E. R. Clark, the Idaho representative of the International Accountants Society, Inc., agreed with the defendant to establish a class in the City of Pocatello, for the purpose of working on the course of instruction purported to be offered by said corporation, and that the said E. R. Clark would remain in Pocatello and take charge of said class personally and instruct and assist said class in said course; that defendant signed said note upon the representations of said E. R. Clark, as agent for said corporation, that defendant's enrollment would complete the required number for said class, and that if defendant enrolled and signed said note, the said class would be formed and conducted as agreed by the said E. R. Clark.

''2. That as a part of the consideration for the signing of the said note defendant was to receive from the payee therein, the said International Accountants Society, forty standard lessons of an accounting course, and said International Accountants Society has failed to furnish said lessons as agreed to by its representative, and has failed to perform the conditions and furnish the material for which said note was purported to have been given.''

During the trial in the district court Mr. Bentley, counsel for respondent, made the following motion:

"Comes now the defendant and moves the Court to be permitted to amend his affirmative defense by adding thereto paragraph 2A, as follows: That the said representations were made by said E. R. Clark, fraudulently and with intent to defraud the defendant, and defendant relied upon said statement and signed said note in consideration of said representations and would not have signed said note if said representations had not been made. Defendant, by virtue of said fraudulent representations has been damaged in the sum of $155.00."

"The Court: What is that amendment to Mr. Bentley:

"Mr. Bentley: The affirmative defense, as an amendment in the second affirmative defense wherein the representations are set forth in paragraph one and two. Just add that said damages are set up by way of recoupment.

"Mr. Bistline: I have no objection to the amendment."

Thereupon evidence was introduced by and on behalf of respondent that Clark, the Idaho representative and agent of International Accountants Society, Inc., represented to and promised him, as one of the inducements and considerations for the giving of the note, that he would organize a class in the science of accounting and give personal instruction and assist respondent and other members of the class with the course of instruction to be supplied by that corporation; also, that he had made arrangements for rooms in Pocatello in which to conduct the class, and that sessions would be held twice or three times a week; that respondent would not have signed the note had he not been promised that a class would be organized, and that without such assistance he was unable to complete the course; that the class was not organized, and shortly after the note was executed and delivered the agent left Pocatello.

The action having been commenced in a justice's court, the answer was probably sufficient, before amendment, to justify the admission of proof of fraud. About the only requirement of an answer in that court is that it must be such as to enable a person of common understanding to know

what is intended. (I. C. A., sec. 10–401.) The amendment to the answer, dictated into the record in the district court, is insufficient to state a cause of action or defense, based on fraud, when tested by the rules of pleading in that court. However, the evidence of fraud was introduced without objection.

As has been said by the supreme court of Louisiana:

"Evidence received without objection enlarges the pleadings." (*Masicot v. New Orleans Ry. & Light Co.*, 141 La. 622, 75 So. 490; *Johnson v. New Orleans Great Northern Ry. Co.*, 141 La. 807, 75 So. 731. See, also, *Catholic Foreign Mission Society of America, Inc., v. Oussani*, 215 N. Y. 1, 109 N. E. 80, Ann. Cas. 1917A, 479; *McGrath v. Pothen*, 168 Minn. 206, 209 N. W. 752; *Long Beach Finance Corp. v. Slocum*, 110 Cal. App. 603, 294 Pac. 428.)

 Appellant further insists a party seeking to rescind a contract for fraud must do so within a reasonable time after the discovery of the fraud and, failing so to do, the right to rescind is lost. No evidence was offered as to when the obligation expressed in the note was repudiated. Furthermore, when the amendment to the answer was dictated into the record in the district court, counsel for appellant stated he had no objection to it. No objection was made to the introduction of proof, on the ground that respondent was estopped to avail himself of the fraud which was perpetrated on him, and that contention cannot be made, for the first time, in this court.

 The allegations and proof are sufficient to sustain the finding of fraud. (*Pocatello Security T. Co. v. Henry*, 35 Ida. 321, 206 Pac. 175, 27 A. L. R. 337.)

The foregoing conclusion makes unnecessary a decision of the question as to the right of a foreign corporation to do business in Idaho without conforming to our laws with respect to such corporations.

The judgment is affirmed, with costs to respondent.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.

Petition for rehearing denied.