**152 So. 78**

**GIBSON et al. v. BELVIN et al.**

**No. 32071.**

Nov. 27, 1933.

Rehearing Denied Jan. 2, 1934.

Williams & Blackshear, of Oakdale, for appellants.

S. I. Foster, of Leesville, for appellees.

O'NIELL, Chief Justice.

The defendants, J. E. Belvin and Mrs. Edith Burleson Simmons, have appealed from a judgment annulling a tax sale. The judgment also condemns Belvin to pay the plaintiffs $139.50, being the net amount of the rents and revenues which he derived from the property while he was a possessor in bad faith, less the value of the improvements which he made.

The plaintiffs are the widow of Ephram Gibson, and the children of their marriage. The property in contest is a tract of land in Allen parish, and belonged to the matrimonial

community between Ephram Gibson and Mrs. Julia Gibson, one of the plaintiffs here.

Ephram Gibson died in Allen parish in 1915, survived by the widow and seven children, one of whom died in 1916, leaving as his heirs, his mother and the surviving brothers and sisters. The succession of Ephram Gibson and that of his deceased son owed no debts. In 1921 an attorney at law employed by Mrs. Gibson and her children presented a petition to the district court of Allen parish, with the necessary affidavits and a rule upon the tax collector to show cause why the petitioners should not be sent into possession of the property unconditionally and free from an inheritance tax. The attorney presented also a judgment to that effect to be signed by the judge, but, for some reason, not disclosed by the record, the judgment was not signed. In 1923, the widow and all of the children of Ephram Gibson, except one, moved to Port Arthur, Tex., and have resided there ever since. Soon after the removal of Mrs. Gibson and her children to Port Arthur, and without their knowledge, J. V. Arnold, a stranger to the Gibsons, applied for appointment and was appointed administrator of the succession of Ephram Gibson, and provoked a sale of the property to pay debts. At the administrator's sale, J. E. Belvin, defendant in the present suit, bought the property now in contest. In 1928, the plaintiffs in the present suit filed a suit against Belvin and the administrator, Arnold, to annul the sale which the administrator had made to Belvin. The district court gave judgment in favor of the plaintiffs, annulling the sale. Belvin alone appealed from the decision, and this court affirmed the judgment appealed from, on the 2d of February,

1931. See Gibson et al. v. Arnold et al., 171 La. 1007, 132 So. 661.

■ While Belvin's appeal in the suit of Gibson et al. v. Arnold et al. was pending in this court, Belvin failed to pay the taxes on the property for the year 1928, and it was sold to his adopted daughter, Mrs. Edith Burleson Simmons, for the delinquent taxes, amounting to $34.16, including the interest, penalties, and costs. The plaintiffs alleged in their petition in the present suit that the tax sale was a fraud and simulation brought about by the connivance of the defendants Belvin and Mrs. Simmons, by which the property was acquired by him, in her name. The defendants, in answer to this suit, virtually admitted that the tax sale was the result of a scheme to deprive the plaintiffs of their property. Belvin admitted in his answer that, being advised by his attorneys that judgment would go against him in the suit then pending in the Supreme Court, he informed Mrs. Burleson that he would not pay the taxes on the property and that she would have an opportunity for a good investment by having some one buy the property for her at the tax sale, which she did. ·He averred in his answer that he remained in possession of the property and collected the rents as the agent for Mrs. Simmons. She admitted in her answer that Belvin informed her that he was advised by his attorneys that he would probably lose the suit in the Supreme Court, and informed her that he would not file a brief or have the case argued for him in the Supreme Court, and would not pay the taxes on the property; that it would probably be sold for delinquent taxes; and that she would have an opportunity for a good investment by having some one to buy

the property for her at the tax sale. She averred that she did have some one, other than Belvin, to buy the property for her at the tax sale. The district judge decided, from the testimony in the case, that the price, $34.-16, including all costs and expenses, for which the property was sold for taxes, was paid not by Mrs. Burleson but by Belvin, and that the tax sale was therefore a simulation, and did not in reality transfer the title from Belvin to Mrs. Burleson. Our examination of the record convinces us that the judgment is correct in that respect.

In his answer to the suit, Belvin asked for a return of the price which he paid for the property at the administrator's sale, which was annulled in the suit of Gibson et al. v. Arnold et al., 171 La. 1007, 132 So. 661. The judge rejected the demand for a refund of the price, because the record disclosed that the succession, or the widow and heirs, of Ephram Gibson did not receive any benefit whatever from the price supposed to have been paid by Belvin to the administrator, Arnold. We find no error in the judgment in that respect.

The district court found from the evidence that Belvin owed the plaintiffs $1,214.50 for rents and revenues received by him while he occupied the property in bad faith, subsequent to the filing of the suit of Gibson et al. v. Arnold et al., and that Belvin was entitled to a credit of $1,075 for repairs and improvements which he made on the property, thus leaving a balance of $139.50 owed by Belvin to the plaintiffs. We have checked the calculation made by the judge and find no error in it.

The judgment is affirmed.